INEZ E. ALM AND PETER R. ALM, HER HUSBAND, PLAINTIFFS-APPELLANTS, v. FRANZ C. REINHARDT, DEFENDANT-RESPONDENT.

Submitted October 20, 1942—Decided February 8, 1943.

For the plaintiffs-appellants, *Davies & Davies* (*Archibald Kreiger,* of counsel).

For the defendant-respondent, *John W. Taylor* (*Richard H. Tunstead,* of counsel).

The opinion of the court was delivered by

RAFFERTY, J. This appeal is from a judgment of the Supreme Court reversing a judgment entered in the Passaic County Circuit Court in favor of plaintiffs in an action based on negligence.

It appears that plaintiffs were tenants in an apartment building located in the City of Paterson, which was owned and operated by defendant. The building proper was located about 30 feet from the sidewalk line and was connected thereto by a walk leading from the sidewalk line to the entrance door of the building. Defendant had erected and maintained a canopy which served the purpose of protecting tenants from inclement weather and protected the walk as well from falling rain or snow. The end of the canopy at the entrance was not flush with the building line but a space of several inches intervened at that point which was not protected.

The alleged cause of action occurred on the morning of January 19th, 1939. Snow had fallen for some time prior to the happening of the accident and, generally, it was windy and the temperature had been below the freezing point for several days. Mrs. Alm left her apartment during the morning for the purpose of doing some marketing and, having

taken a few steps from the entrance door, slipped on the outside stairway platform and fell down the steps leading to the walk, thereby causing the injuries complained of. The platform had become slippery, it was contended, because of the negligence of defendant in not causing the removal of snow which had fallen on it.

At the trial of the matter the jury awarded the plaintiff wife $300, and plaintiff husband $200. Upon a rule to show cause why a new trial should not be granted on the ground that the verdicts were contrary to the weight of the evidence and inadequate, the trial court determined that a new trial as to damages only should be awarded unless defendant would consent to a verdict in a higher amount fixed by the court. Defendant would not consent to this increased amount and a new trial was had as to damages only, resulting in verdicts in favor of plaintiffs in substantially increased amounts.

Defendant appealed to the Supreme Court from the judgments entered on these verdicts resulting in a reversal thereof by that court and it is from this reversal of judgments that plaintiffs below appeal here.

The principal, and it seems, dispositive point on this appeal involves a refusal on the part of the trial judge to admit into evidence on behalf of defendant a certain statement signed by plaintiff's medical witness. Dr. Jarmulowsky, on behalf of plaintiffs, testified as to the history of the accident given him by Mrs. Alm shortly after the occasion and the nature and extent of the injuries suffered by her. On cross-examination the doctor was shown a paper by counsel for defendant and the testimony proceeded as follows:

"*Q.* I show you a piece of paper, doctor, and ask you whether that bears your signature on the bottom? *A.* It does. *Q.* Did you write in there the history which you received from your patient? *A.* I don't think that is my writing. It is my signature, but not my writing. * * * *Q.* Is that the history which you received from your patient, doctor, the one that is written there? *A.* Well, the history of the accident doesn't correspond exactly with what I have on my card. It was written, I think, by an investigator or something. *Q.*

Was that history written there when you signed your name to it? *A.* Yes. *Q.* Will you read that history to us?"

Upon objection to the last question, the court stated, "that can't be done now. In other words, it can only be marked for identification, and if the doctor identifies the whole paper, then on your [defendant] case it may be offered to affect the credibility."

The paper having been marked for identification, it was, at the opening of defendant's case, offered in evidence. Defendant's offer was objected to on the ground that it was not established at the time of the cross-examination of Dr. Jarmulowsky that the paper-writing differed from anything the witness said at the time of his examination; that merely because a witness signed a paper it did not thereby become evidential and was without relevancy or materiality. After some discussion, counsel for defendant stated that the paper was offered to affect the credibility of the witness in the respect that the jury should be permitted to compare the handwriting of the body of the instrument with the admitted signature. The trial court ruled that the paper was not admissible because of no proper foundation laid therefor.

Appellant relies for reversal upon the doctrine set forth in *Altieri* v. *Public Service Railway Co.*, 103 *N. J. L.* 351. The rule there expressed is that a statement containing matter contradictory of testimony given by a witness is not admissible in evidence, even though signed by the witness, where the statement was not written by him and he denies having stated the contradictory matter. The procedure pointed out in such case is that the party seeking to introduce the paper should call the person who wrote the statement, or someone else having knowledge of the facts, to testify that the statement contained a true account of what the witness had then said and in the absence of such proof the statement is not evidential for the purpose of impeaching the credit of the witness. Other cases cited by appellant adhere to this general rule.

The distinction to be made in the instant case is that the testimony that the body of the instrument was not the writing of the witness but of some other person, is clearly equivocal. The purpose of the offer, being limited to the question of

whether or not the witness had actually written the body of the instrument, could be determined by the jury by comparing the handwriting thereof with the admitted signature of the witness. The trial court should have admitted it with proper precautionary instructions. Should the jury have determined that the witness did not write the body of the instrument it would have given the paper no further consideration but, the jury concluding otherwise, the defendant would be entitled to its value as affecting the credibility of the witness.

It is unimportant on this appeal that a copy of the paper-writing in question is not included in the state of case. Admittedly it varied from the testimony of the witness in an important respect. The only question before the trial court at the time of the rejection of the offer was, did the witness himself write the statement?

Upon an examination of the whole case, it appears the refusal to admit this writing into evidence, qualified as above indicated, was such error as injuriously affected the substantial rights of defendant in that it was intended to discredit to some degree the testimony of an important witness in a material matter. It is necessary, therefore, that a *venire de novo* be awarded and a new trial be had on all of the issues.

We have considered other points raised in the appeal but find them adequately discussed and disposed of in the opinion of the Supreme Court which is unreported.

The judgment appealed from is affirmed.

*For affirmance*—THE CHANCELLOR, CASE, BODINE, HEHER, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 9.

*For reversal*—DONGES, PERSKIE, COLIE, JJ. 3.